1  Marc X. Carlos
   California State Bar No. 132987
2  **BARDSLEY & CARLOS**, **L.L.P.**
   424 "F" Street, Suite A
3  San Diego, CA  92101
   Telephone:  (619) 702-3226
4  Facsimile:   (619) 702-5415

5  Attorneys for Defendant
   ALFREDO SEPULVEDA-IRIBE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## (HONORABLE ROGER T. BENITEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>            Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>  )<br>ALFREDO SEPULVEDA-IRIBE,  )<br>  )<br>            Defendant.  )<br>  )<br>_____ ) | CASE NO.:    08CR1064-BEN<br><br>DATE:    JUNE 16, 2008<br>TIME:    2:00 P.M.<br><br>**POINTS AND AUTHORITIES**<br>**IN SUPPORT OF MOTIONS:**<br><br>1.    TO COMPEL DISCOVERY;<br>2.    LEAVE TO FILE ADDITIONAL<br>       MOTIONS. |

### STATEMENT OF THE CASE

In the instant case, defendant ALFREDO SEPULVEDA-IRIBE (hereinafter "Mr. SEPULVEDA-IRIBE") is charged in a three-count Indictment of being a deported alien, in violation of Title 8, U.S.C. sections 1325.

Mr. SEPULVEDA-IRIBE has entered not guilty pleas to all counts.

///

///

///

///

///

08CR1064-BEN

## POINTS AND AUTHORITIES

### I.

### MOTION TO COMPEL DISCOVERY

Defense counsel has received some discovery in the instant case. Therefore, in order to preserve his record, defendant moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989):

(1) The Defendant's Statements   Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal **all** the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2) Arrest Reports, Notes and Dispatch Tapes   The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents or audio/video recordings in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d

1  Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975);
2  United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911
3  (9th Cir.), cert. denied, 393 U.S. 867 (1968).  Arrest reports, investigator's notes, memos from
4  arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the
5  defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

6       (3)  Reports of Scientific Tests or Examinations  Pursuant to Fed. R. Crim. P. 16(D),
7  defendant requests the reports of all tests and examinations conducted upon the evidence in this case,
8  including but not limited to the scientific chemical testing done upon any drugs seized in this case
9  to determine if it is indeed the drugs the indictment alleges, and any fingerprint testing done upon
10 any evidence seized in this case, that is within the possession, custody, or control of the government,
11 the existence of which is known, or by the exercise of due diligence may become known, to the
12 attorney for the government, and which are material to the preparation of the defense or are intended
13 for use by the government as evidence in chief at the trial.

14      (4)  Brady Material  The defendant requests all documents, statements, agents' reports, and
15 tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility
16 of the government's case.  Impeachment as well as exculpatory evidence falls within Brady's
17 definition of evidence favorable to the accused.  United States v. Bagley, 473 U.S. 667 (1985);
18 United States v. Agurs, 427 U.S. 97 (1976);

19      (5)  Any Information that May Result in a Lower Sentence under the United States
20 Sentencing Guidelines (U.S.S.G.)  As discussed above, this information is discoverable under Brady
21 v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation
22 by the defendant, as well as any information that could affect any base offense level or specific
23 offense characteristic under Chapter Two of the U.S.S.G.  Also  included in this request is any
24 information relevant to a Chapter Three adjustment, a determination of the defendant's criminal
25 history, or any other application of the U.S.S.G.;

26      (6)  The Defendant's Prior Record  Evidence of prior record is available under Fed. R. Crim.
27 P. 16(a)(1)(B);
28 ///

1        (7) <u>Any Proposed 404(b) Evidence</u>  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given three weeks prior to trial, or as soon as possible in order to give the defense time to adequately investigate and prepare for trial;

        (8) <u>Evidence Seized</u>  Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

        (9)  <u>Request for Preservation of Evidence</u>  The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, any samples used to run any scientific tests, any narcotics, and any evidence seized from any third party.  It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

        (10)  <u>Tangible Objects</u>  The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers or documents of vehicles, buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

        (11)  <u>Evidence of Bias or Motive to Lie</u>  The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1032 (1989);

        (12)  <u>Impeachment Evidence</u>  The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609

1   and 613. Such evidence is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). See United
2   States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343
3   F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

4       (13)  Evidence of Criminal Investigation of Any Government Witness   The defendant
5   requests any evidence that any prospective witness is under investigation by federal, state or local
6   authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied,
7   474 U.S. 945 (1985);

8       (14)  Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling
9   The defense requests any evidence, including any medical or psychiatric report or evaluation, tending
10  to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth
11  is impaired; and any evidence that a witness has ever used narcotics or other controlled substance,
12  or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v.
13  North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

14      (15)  Witness Addresses   The defendant requests the name and last known address of each
15  prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United
16  States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel
17  is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right
18  to talk to witnesses), cert. denied, 444 U.S. 1034 (1980). The defendant also requests the name and
19  last known address of every witness to the crime or crimes charged (or any of the overt acts
20  committed in furtherance thereof) who will not be called as a government witness. United States
21  v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

22      (16)  Name of Witnesses Favorable to the Defendant   The defendant requests the name of
23  any witness who made an arguably favorable statement concerning the defendant or who could not
24  identify him or who was unsure of his identity, or participation in the crime charged. Jackson v.
25  Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir.
26  1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v.
27  Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

28      (17)  Statements Relevant to the Defense   The defendant requests disclosure of any statement

1  that may be "relevant to any possible defense or contention" that he might assert. United States v.
2  Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

3  (18) Jencks Act Material  The defense requests all material to which defendant is entitled
4  pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch
5  tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'
6  interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell
7  v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir.
8  1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the
9  interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of
10 Jencks material to expedite cross-examination and to avoid lengthy recesses during trial;

11 (19) Giglio Information  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the
12 defendant requests all statements and/or promises, express or implied, made to any government
13 witnesses, in exchange for their testimony in this case, and all other information which could
14 arguably be used for the impeachment of any government witnesses;

15 (20) Personnel Records of Government Officers Involved in the Arrest  The defendant
16 requests all citizen complaints and other related internal affairs documents involving any of the law
17 enforcement officers who were involved in the investigation, arrest and interrogation of him,
18 pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature
19 of these documents, defense counsel will not be able to procure them from any other source;

20 (21) Government Examination of Law Enforcement Personnel Files  Defendant requests
21 that the government examine the personnel files and any other files within its custody, care or
22 control, or which could be obtained by the government, for all testifying witnesses, including
23 testifying officers. Defendant requests that these files be reviewed by the government attorney for
24 evidence of perjurious conduct or other like dishonesty, or any other material relevant to
25 impeachment, or any information that is exculpatory, pursuant to its duty under United States v.
26 Henthorn, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the
27 defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera
28 review of the agents' files because the government failed to examine the files of agents who testified

1  at trial.  This Court should therefore order the government to review all such files for all testifying
2  witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr.
3  SEPULVEDA-IRIBE prior to trial.  Mr. SEPULVEDA-IRIBE specifically requests that the
4  prosecutor, not the law enforcement officers, review the files in this case.  The duty to review the
5  files, under <u>Henthorn</u>, should be the prosecutor's and not the officers'.  Only the prosecutor has the
6  legal knowledge and ethical obligations to fully comply with this request.

## II.

## LEAVE TO FILE FURTHER MOTIONS

Mr. SEPULVEDA-IRIBE and defense counsel have received some discovery in this case. As more information comes to light, due to the government providing discovery in response to these motions or an order of this court, the defense may find it necessary to file further motions.  Defense counsel therefore requests leave to file further motions based upon information gained through the discovery process.

## **CONCLUSION**

For the reasons stated above, defendant respectfully requests that this Court grant his motions to compel discovery and to grant leave to file additional motions.

Dated: June 13, 2008                             Respectfully submitted,


                                                 s/ Marc X. Carlos
                                                 Marc X. Carlos
                                                 Attorney for Defendant
                                                 ALFREDO SEPULVEDA-IRIBE

08CR1064-BEN